```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

HELENE U. HUDDLESTON                        CIVIL ACTION

VERSUS                                      NO. 06-0179

HANOVER INSURANCE COMPANY                   SECTION B(3)
```

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 4) set for hearing on March 15, 2006, without oral argument. After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

### *DISCUSSION*

Plaintiff purchased a homeowner's insurance policy from Defendant. Plaintiff's home was damaged as a result of Hurricane Katrina. Plaintiff filed a claim with her insurer on September 1, 2006. Plaintiff received a check that Plaintiff alleges was untimely and a bad faith attempt to force settlement of Plaintiff's claim. Plaintiff subsequently filed suit in state court, which Defendant removed to this Court.

Under 28 U.S.C. § 1441 (a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" except as

otherwise provided by Congress.  Defendant removed the instant case on the basis of diversity jurisdiction.  The burden of establishing the existence of federal jurisdiction lies on the Defendant, bearing in mind that "removal statutes are to be construed strictly against removal and for remand."  *Bosky v. Kroger Tex., LP.*, 288 F.3d 208, 211 (5th Cir. 2002) (citing *Eastus v. Blue Bell Creameries*, 97 F.3d 100, 106 (5th Cir. 1996)); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).

It is uncontested that the parties are diverse.  Plaintiff is a resident of Louisiana; Hanover Insurance Company (Hanover) is domiciled in New Hampshire and has its principal place of business in Massachusetts.  Plaintiff seeks $356,900 in policy benefits, which exceeds the jurisdictional amount required for diversity jurisdiction.

Plaintiff argues an exception to diversity jurisdiction precludes the exercise of jurisdiction in the instant matter.  In doing so, Plaintiff apparently misreads two United States Court of Appeals for the Fifth Circuit cases.  Plaintiff cites *Newsome v. Zurich Insurance Co.*, 397 F.2d 280 (5th Cir. 1968), and *O.M. Green Livestock Co. v. Azalea Meats, Inc.*, 516 F.2d 509 (5th Cir. 1975).  Both cases apply an exception to diversity jurisdiction contained in 28 U.S.C. § 1332(c)(1).  Under 28 U.S.C. § 1332(c)(1), the citizenship of a corporation is that of the State in

which it was incorporated and the State in which the corporation has its principal place of business.  Under an exception contained in 28 U.S.C. § 1332(c)(1), an insurer will additionally be deemed a citizen of the State in which the insured is a citizen "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant."  Both cases cited by Plaintiff involved tort claims made directly against the alleged tortfeasor's insurance company, and thus the direct action exception applied.

The Fifth Circuit explained this exception does not destroy federal diversity jurisdiction over coverage disputes between an insured and its policyholder:

> The Louisiana Direct Action Statute . . . applies only to torts and not to contract disputes.  Thus, the Louisiana Direct Action Statute does not cover actions in breach of contract to require [the insurer] to make payment under its casualty insurance policy, and § 1332(c) does not de-activate diversity in this case.

*Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 995 (5th Cir. 1985) (citations omitted).  In applying *Holland American Insurance Co.*, this Court concluded § 1332(c)(1) does not apply to a suit between parties to an insurance contract.  *Holloway v. Gaylord Chem.*, 922 F. Supp. 1154, 1161 (E.D. La. 1996) (Feldman, J.).

The instant case is between Plaintiff and *her* insurer.  This is not a "direct action," i.e. an action in which a third-party to an insurance contract is suing the insurer under the Louisiana Direct Action Statute to recover tort damages allegedly caused by the insured.  The instant action is not subject to the Louisiana Direct Action Statute and thus does not trigger the exception contained in § 1332(c)(1).

Additionally, the Court notes the exception is inapplicable here because the exception in § 1332(c)(1) only applies to cases involving *liability* insurance.  Mrs. Huddleston sues under first-party coverage of her *homeowner's* policy, to recover policy benefits she contends she is owed for losses suffered.  She is not seeking defense or indemnity from Hanover for her liability to some third party.

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED**.

New Orleans, Louisiana, this 2nd day of May, 2006.

UNITED STATES DISTRICT JUDGE